UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TRACI L. RICKARDS, )<br>)<br>Plaintiff )<br>v. )<br>)<br>CORIZON HEALTH, INC., )<br>)<br>Defendant ) | No. 2:18-cv-00384-LEW |

*MEMORANDUM DECISION AND ORDER ON MOTION TO COMPEL
AND MOTION FOR PROTECTIVE ORDER*

In this employment discrimination case, defendant Corizon Health, Inc. ("Corizon") seeks to compel plaintiff Traci L. Rickards to testify about communications during a deposition preparation meeting between her, her counsel, and her daughter Kayla Rickards, a fact witness in this case who is separately represented by the plaintiff's counsel, *see* ECF No. 40. Following oral argument and post-argument letter briefs, *see* ECF Nos. 42, 44, 47-48, I deny the defendant's request, concluding that the discovery sought is protected attorney work product.

To the extent that the defendant, in its letter briefs, seeks even broader relief in the form of an order to compel the testimony of both the plaintiff and her daughter as to all communications among themselves and their counsel and the production of all documents and tangible items relating to those communications, *see* ECF No. 48 at 3, and the plaintiff moves for a protective order barring the defendant from further inquiry into any such communications, *see* ECF No.42 at 1-2, I deny both motions without prejudice as premature and beyond the scope of the issue presented to me and for which briefing was permitted.[1]

---

[1] As concerns documents, the defendant has not supplied me with evidence that it has served relevant document requests on the plaintiff or subpoenaed relevant documents from her daughter, a nonparty. *See* ECF Nos. 44, 44-1, 44-2, 48, 48-1. As concerns testimony, the plaintiff has expressed concern that the defendant will argue that a ruling

# I. Applicable Legal Standard

In *Hickman v. Taylor*, 329 U.S. 495 (1947), "the Supreme Court first recognized the work product doctrine as essential to the proper functioning of our adversarial system." *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379, 383 (2d Cir. 2003). That doctrine later was "codified in part in Rule 26(b)(3) of the Federal Rules of Civil Procedure[,]" *id*., which provides:

> **(A)** *Documents and Tangible Things*. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> **(i)** they are otherwise discoverable under Rule 26(b)(1); and
>
> **(ii)** the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
>
> **(B)** *Protection Against Disclosure*. If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3)(A), (B).

However, Rule 26(b)(3) does not displace the broader common law work product doctrine. *See, e.g., U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 3*, No. 00Civ.4763(RMB)(JCF), 2002 WL 31296430, at *5 (S.D.N.Y. Oct. 11, 2002) (*Hickman* doctrine broader than Rule 26(b)(3)); *Maynard v. Whirlpool Corp.*, 160 F.R.D. 85, 87 (S.D. W.Va. 1995) (contours of work product doctrine distinct from those of Rule 26(b)(3)).

---

with respect to her testimony will not prevent such questions from being posed to her daughter. *See* ECF No. 42 at 1-2. Neither issue is ripe for adjudication. However, I expect that the parties will be guided by my decision on the narrower point at issue here.

*Hickman* outlines the extent to which a party can seek the disclosure of "oral and written statements of witnesses, or other information, secured by an adverse party's counsel in the course of preparation for possible litigation after a claim has arisen." *Hickman*, 329 U.S. at 497; *see also, e.g., United States. v. Textron Inc.*, 577 F.3d 21, 26 (1st Cir. 2009). The Court protected a broad swath of otherwise discoverable materials because it recognized that work product "is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways[.]" *Hickman*, 329 U.S. at 511.

"[A] party resisting discovery has the burden of showing some sufficient reason why discovery should not be allowed[.]" *Flag Fables, Inc. v. Jean Ann's Country Flags & Crafts, Inc.,* 730 F. Supp. 1165, 1186 (D. Mass. 1989) (citation and internal quotation marks omitted). In addition, the proponent of a privilege bears the burden of demonstrating entitlement to its protection. *See, e.g., In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.),* 348 F.3d 16, 22 (1st Cir. 2003) ("Despite a grand jury's vaunted right to every man's evidence, it must, nevertheless, respect a valid claim of privilege. But the party who invokes the privilege bears the burden of establishing that it applies to the communications at issue and that it has not been waived.") (citations omitted).

## II. Background

During the plaintiff's deposition, she revealed that her daughter Kayla Rickards, a fact witness in this case who is separately represented by the plaintiff's counsel, was present at the plaintiff's deposition preparation meeting with counsel. *See* ECF No. 41 at 2. Counsel for the defendant asked the plaintiff to describe the conversation at the deposition preparation meeting. *See id.* Counsel for the plaintiff objected on attorney-client privilege grounds, arguing that the plaintiff and her daughter share a common interest. *See id.*

3

The parties paused the deposition and contacted the court. *See* ECF No. 40. I conducted a telephonic discovery hearing, during which I questioned whether the sought discovery was protected by the work product doctrine. *See id.* I declined, without prejudice, to sustain the defendant's oral motion to compel and ordered briefing to resolve the conflict. *See id.*

In its briefs, the defendant broadens the scope of relief it seeks, requesting that the court

> [c]ompel each Plaintiff and Kayla to (a) testify fully and completely as to their memory of each communication, whether in person, by phone, or in writing, among Plaintiff, Kayla and STA [Skelton,Taintor & Abbott] and (b) produce all documents and tangible items, whether electronic, in hard copy or in any other format, that relate in any way to communications among Plaintiff, Kayla and STA[.]

ECF No. 48 at 3; *see also* ECF No. 44 at 2.

### III. Discussion

The plaintiff argues the defendant may not "poach upon [her] preparation" for her case. ECF No. 42 at 3. She cites the State of Maine's version of Rule 26 for the proposition that, "[a]lthough a party may seek discovery of work product if it can show a substantial need and inability to obtain the equivalent by other means, it can never obtain discovery that would reveal opposing counsel's mental impressions, conclusions, opinions, or legal theories." *Id.* She elaborates: "[d]efendant's counsel *cannot* ask about what questions Plaintiff's counsel asked, what Plaintiff's counsel said, what Traci's and Kayla's responses were and what questions their counsel asked in return because this conversation tends to reveal Plaintiff's counsel's mental impressions, conclusions, opinions, or legal theories about the case." *Id.* (emphasis in original).

The defendant asserts that the question is governed by the federal rules of civil procedure rather than those of Maine, pursuant to which the work product doctrine pertains only to "documents and tangible things" and not to testimony. ECF No. 44 at 6; Fed. R. Civ. P. 26(b)(3)(A). It adds that documents, including notes, created by the plaintiff's daughter do not

4

qualify for work product protection because they were not prepared "by or for [a] party or its representative[,]" ECF No. 44 at 6 (quoting Fed. R. Civ. P. 26(b)(3)(A)), and that any remaining materials lost work product protection upon being shared with the plaintiff's daughter, *see id.* at 7 (quoting *In re Terrorist Attacks on Sept. 11, 2001*, 293 F.R.D. 539, 544 (S.D.N.Y. 2013), for the proposition that "disclosure to non-adversaries waives work product protection if it materially increases the likelihood that an adversary can gain access to that information").

The defendant's threshold premise, that the work product doctrine does not extend to testimony, is incorrect. Common law work product doctrine protection is broader than Rule 26(b)(3), protecting "the files and the mental impressions of an attorney" developed in the course of preparation for possible litigation, which may be reflected "in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways[.]" *Hickman*, 329 U.S. at 497, 510-511. *See also, e.g., United States v. Deloitte LLP*, 610 F.3d 129, 136 (D.C. Cir. 2010) ("*Hickman* provides work-product protection for intangible work product independent of Rule 26(b)(3)."); *In re Grand Jury Subpoena Dated Oct. 22, 2001*, 282 F.3d 156, 160 (2d Cir. 2002) (quashing subpoena that would have required attorney testimony violating work product doctrine).

As the plaintiff argues, "[t]he questions posed by counsel, guidance offered and responses to the same would reflect counsel[']s mental impressions, conclusions, opinions, or legal theories about the prosecution of this case." ECF No. 42 at 4. To the extent that the defendant seeks to elicit the plaintiff's testimony concerning her attorneys' communications to herself and her daughter during the deposition preparation meeting, whether questions or comments, the defendant directly seeks "the mental impressions of an attorney." *Hickman*, 329 U.S. at 510. Questioning the plaintiff as to her responses and those of her daughter to such questions and comments also

5

would indirectly tend to reveal "the mental impressions of an attorney." *Id*. While a response does not necessarily incorporate the entirety of the comment or question that prompted it, the content of the prompting communication could be inferred. Finally, the defendant does not dispute that all of the communications that are the subject of this dispute were made in the course of preparation for litigation. *See generally* ECF Nos. 44, 48.

The defendant's final two arguments presuppose the validity of its threshold point, focusing on documents rather than testimony. *See* ECF No. 44 at 6-7. However, construing them to encompass the testimony that was the subject of the motion to compel, they are unavailing.

The defendant, again, relies on Rule 26(b)(3) in arguing that there can be no work product protection because Kayla Rickards is not a "'representative'" of the plaintiff. *Id*. at 6 (quoting Fed. R. Civ. P. 26(b)(3)(A)); ECF No. 48 at 2 (same). This point founders for the same reason as the prior one: that common law work product doctrine protection is broader than Rule 26(b)(3). *See, e.g.*, *Hickman*, 329 U.S. at 497, 510-511; *Deloitte*, 610 F.3d at 136.

The defendant finally contends that, even if the sought discovery is protected by the work product doctrine, the plaintiff waived work product protection by making a disclosure to a non-adversary (her daughter) that materially increased the likelihood that an adversary could gain access to that information. *See* ECF No. 44 at 7. The three cases cited in support of that proposition are materially distinguishable from this case, in which the plaintiff included her daughter – a fact witness separately represented by the same counsel – in a deposition planning meeting. *Compare In re Terrorist Attacks*, 293 F.R.D. at 544 (disclosure of material in FOIA requests to government); *Medinol, Ltd. v. Boston Sci. Corp.*, 214 F.R.D. 113, 115-16 (S.D.N.Y. 2002) (disclosure of material to independent auditors); *United States v. Mass. Inst. of Tech.*, 129 F.3d 681, 687 (1st Cir. 1997) (disclosure of material to a government audit agency).

## IV. Conclusion

For the foregoing reasons, I **DENY** the defendant's motion to compel, with prejudice as to the narrow issue before me and otherwise without prejudice, and **DENY** the plaintiff's motion for a protective order without prejudice.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 1st day of June, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge